**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PINGDWENDE KENNETH ARTHUR OUEDRAOGO** | : | |
| | : | |
| **Petitioner,** | : | **3:26-cv-2449** |
| | : | **(JUDGE MARIANI)** |
| **v.** | : | |
| | : | |
| **WARDEN, PIKE COUNTY** | : | |
| **CORRECTIONAL FACILITY,** | : | |
| | : | |
| **Respondent.** | : | |

**MEMORANDUM OPINION**

## I. BACKGROUND

Petitioner Pingdwende Kenneth Arthur Ouedraogo ("Petitioner"), a citizen of Burkina Faso who overstayed his visa, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner is detained within the Middle District of Pennsylvania and names as Respondent the Warden of the Pike County Correctional Facility.

Petitioner alleges that his nine-month detention under 8 U.S.C. § 1226(a) violates the Immigration and Nationality Act and due process. (*Id.* at 6-7). He further alleges that he had a bond hearing before an Immigration Judge ("IJ") in March of 2026, and that the IJ found him to be flight risk and danger to the community. (*Id.* at 7). Petitioner does not challenge the procedures used by the IJ at that bond hearing but alleges that the "Government relied on a police report that was resolved dating back to June 2021 over a

verbal argument I had with a client while I was working as Security at a retail store." (*Id.* at 7).

Petitioner filed his first habeas petition raising substantially the same claims he raises in his second petition. The Court dismissed the first petition on June 29, 2026, finding that "Petitioner is not entitled to any habeas relief because he is lawfully detained under 8 U.S.C. § 1226(a) and he has failed to demonstrate that his detention violates due process." *Ouedraogo v. Warden*, 2026 WL 1866714, at *2 (M.D. Pa. June 29, 2026). The Court also noted that Petitioner had a bond hearing before an IJ on March 18, 2026. *Id.* at *1.

Respondent opposes the petition, stating the "Court should deny this second Petition based upon the same principles."[1] (Doc. 5 at 2). Petitioner did not file a traverse.

## II. STANDARD OF REVIEW

Absent suspension, the Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Pursuant to 28 U.S.C. § 2241, a federal district court may grant a habeas petition where a petitioner's immigration detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the

---

1 On June 26, 2026, an IJ denied Petitioner all relief and ordered Petitioner removed. (Doc. 5-5). Petitioner appealed that decision to the Board of Immigration Appeals ("BIA") and that appeal remains pending. (Doc. 5-6). Accordingly, Petitioner does not have a final order of removal.

legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Claims brought by immigration detainees seeking relief from their confinement "fall within the core of the writ of habeas corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). It is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972) (citations omitted).

## III. ANALYSIS

Respondent has detained Petitioner for nearly nine months pursuant to 8 U.S.C. § 1226(a). Section 1226(a) provides:

> **(a) Arrest, detention, and release**
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on—
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
> (B) conditional parole; but
> (3) may not provide the alien with work authorization (including an 'employment authorized' endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

8 U.S.C. § 1226(a). It is undisputed that Petitioner received a bond hearing before an IJ and that the IJ denied bond after determining he was a danger to the community and a flight risk.

To the extent Petitioner challenges his nearly nine months detention, duration alone cannot "sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations." *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 277 (3d Cir. 2018). "Unlike § 1226(c) detainees . . . who were detained for prolonged periods without being given any opportunity to apply for release on bond," here Petitioner "was granted meaningful process prior to filing his habeas petition." *Id.* at 279-80. Accordingly, Petitioner is not entitled to any habeas relief because he is lawfully detained under 8 U.S.C. § 1226(a) and he has failed to demonstrate that his detention violates due process. *See Gonzalez Hernandez v. Warden*, 2026 WL 1725860, at *1 (M.D. Pa. June 15, 2026) (denying habeas relief where petitioner "already received two bond hearings" under Section 1226(a) and "does not challenge the constitutionality of those determinations themselves").

To the extent Petitioner argues he is not a danger to the community or a flight risk, the Court lacks jurisdiction to review the discretionary determinations of the IJ.[2] *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."); *see also Chim v. Tsoukaris*, 2026 WL 1650938, at *3 (D.N.J. June 8, 2026)

---

2 Petitioner does not allege any constitutional infirmities with the procedures used by the IJ at the bond hearing. Rather, he claims that the "Government relied on a police report that was resolved dating back to June 2021 over a verbal argument I had with a client while I was working as Security at a retail store." (Doc. 1. at 7). While the Court assumes this to be true, it does not entitle Petitioner to any habeas relief.

("Here, Petitioner's challenge to the IJ's denial of bond based on him being a flight risk is a challenge to the IJ's credibility determinations and weighing of the evidence, which are discretionary determinations beyond the review of this Court.") (citing 8 U.S.C. § 1226(e)). Moreover, there is no evidence that Petitioner exercised his right to challenge the IJ's bond determination by appealing to the BIA.[3] *See* 8 C.F.R. §§ 1003.19(f), 1003.38.

Upon careful consideration of the petition, the Court finds that Petitioner's claims lack merit, and he has failed to carry his burden to demonstrate that he is entitled habeas relief. Accordingly, the Court will deny the petition.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's habeas petition will be denied. A separate Order follows.

Robert D. Mariani
United States District Judge

---

[3] If Petitioner can demonstrate a material change in circumstances, he may seek a custody redetermination before an IJ, not this Court. *See* 8 C.F.R. § 1003.19(e) ("After an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination.").